IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>THE SEIZURE OF THE FOLLOWING PERSONAL PROPERTY OWNED BY JOSE JUAN AQUINO-FUENTES | MISC. NO. 22-065 (PAD) |

**REPORT AND RECOMMENDATION**

**I.     Introduction**

On February 7, 2022, Claimant José Juan Aquino-Fuentes moved the Court for an order directing the United States to return property purportedly seized on November 4, 2021; namely, his passport and cellphone. Docket No. 1. Mr. Aquino-Fuentes' request is made under Rule 41(g) of the Federal Rules of Criminal Procedure. Id. Mr. Aquino-Fuentes argues that the return of his property is warranted because no criminal charges have been filed against him and no forfeiture proceedings have been instituted with respect to the property at issue. Id. On February 17, 2022, the United States informed that it would return Mr. Aquino-Fuentes' passport but that his cellphone was held as evidence in an ongoing criminal investigation. Docket No. 3. The United States was ordered to return the passport and to address Mr. Aquino-Fuentes' argument that no forfeiture proceedings have been initiated. Docket No. 4. The United States confirmed that no forfeiture proceedings have been initiated but informed that Mr. Aquino-Fuentes' cellphone continues to be needed as evidence in an ongoing criminal investigation. Docket No. 5.

The matter was referred to the undersigned for a Report and Recommendation. Docket Nos. 6 & 10. The United States filed two (2) motions *ex parte*. Docket Nos. 7 & 17. The United States proffered to the Court that the only related cellphone that is within the possession of the Government is the one seized from Mr. Aquino-Fuentes on July 13, 2020, during his arrest — not on November 4, 2021, as alleged at Docket No. 1. Id. The United States also submitted two (2) affidavits to substantiate its claim that the cellphone was, at the time of its seizure, evidence in a criminal investigation and continues to be evidence in an ongoing criminal investigation. See

In the Matter of The Seizure of Personal Property
Misc. No. 22-065 (PAD)
Report and Recommendation

Docket Nos. 7-1 and 17-1. Mr. Aquino-Fuentes' argument for the return of his cellphone rests on the fact that he has not been charged with a crime and that his "business has been severely affected since the United States illegally seized his phone and passport.". Docket No 15. The Court originally set the matter for an evidentiary hearing but, upon examination of the United States' submission at Docket No. 17, the Court finds that there is no need for such a hearing and recommends that Mr. Aquino-Fuentes' motion for return of property be **DENIED**.

II.     Discussion

Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Fed.R.Crim.P. 41(g). Rule 41(g) applies to legally and illegally seized property. 3A Wright and Welling: Federal Practice and Procedure § 690 at p. 244; Pérez-Colón v. Camacho, 2007 WL 2493630 (D.P.R. Aug. 28, 2007). When a motion under Rule 41(g) is filed by a person who has not been criminally charged or after the conclusion of criminal proceedings, the motion is treated as a civil proceeding for equitable relief. Pérez-Colón v. Camacho, 206 F. App'x 1, 2 (1st Cir. 2006) (citations omitted); 3A Wright and Welling: Federal Practice and Procedure § 690 at p. 251.

The burden rests on the moving party to establish by a preponderance of the evidence that he/she is entitled to the lawful possession of the property. 3A Wright and Welling: Federal Practice and Procedure § 690 at pp. 244-245; 27 Moore's Federal Practice § 641.21[5] (the owner of the property needs to make a showing that he/she is aggrieved by the deprivation of the property); see also United States v. Gladding, 775 F.3d 1149, 1152 (9th Cir. 2014) (when motion is made prior to indictment but pending a criminal investigation the movant bears the burden of proving that the return of property is warranted) (citation omitted). But if criminal proceedings have concluded, the property is no longer needed for evidentiary purposes or the government has abandoned the investigation, the burden is on the government to show that there is a legitimate reason— that is reasonable under all the circumstances— for retaining the property. 3A Wright and Welling: Federal Practice and Procedure § 690 at p. 107 (2021 supplement) (citation omitted); United States

Case 3:22-mc-00065-PAD      Document 21      Filed 05/05/22      Page 3 of 4

In the Matter of The Seizure of Personal Property
Misc. No. 22-065 (PAD)
Report and Recommendation

v. Uribe-Londono, 238 F. App'x 628, 629 (1st Cir. 2007) ("Once seized property is no longer needed as evidence, a criminal defendant is presumed to have the right to its return."); Pérez-Colón v. Camacho, 206 F. App'x at 3; United States v. Gladding, 775 F.3d at 1152. A motion for return of property may thus be denied if "the government's need for the property as evidence continues". United States v. Pierre, 484 F.3d 75, 87 (1st Cir. 2007) (quotations and citations omitted); see Fed.R.Crim.P. 41(g), Advisory Committee Notes to 1989 Amendments of Rule 41(e) ("If the United States has a need for the property in an investigation or prosecution, its retention of the property is generally reasonable.") (quoted in United States v. White, 2013 WL 141147, at *1 (S.D. Fla. Jan. 11, 2013)); United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999) (citation omitted). Further, although Rule 41(g) of the Federal Rules of Criminal Procedure states that "the court must receive evidence on any factual issue", the First Circuit Court of Appeals has held that, when affidavits or other documentary evidence establish that the return of property is unwarranted or premature, an evidentiary hearing may be unnecessary. United States v. Cardona-Sandoval, 518 F.3d 13, 16-17 (1st Cir. 2008); see e.g., United States v. Uribe-Londono, 177 F. App'x 89, 90–91 (1st Cir. 2006).

Mr. Aquino-Fuentes has not been indicted or criminally charged. He requests that his cellphone be returned on those grounds and on a generalized unsupported claim of prejudice for not having access to the property at issue. Notwithstanding the foregoing, the United States has submitted sworn testimony to establish that: (1) the cellphone at issue was seized from Mr. Aquino-Fuentes during his arrest on July 13, 2020 (Docket No. 7-1); (2) on September 15, 2020, the cellphone was in the custody of the Drug Enforcement Administration and may have contained evidence of a crime (Docket No. 7-1); and (3) on March 29, 2022, the cellphone was in the lawful possession of Homeland Security Investigations and may have contained evidence of a crime (Docket No. 17-1). The sworn testimony submitted by the United States establishes that the seized cellphone is evidence in an ongoing criminal investigation. Mr. Aquino-Fuentes has not presented any evidence of prejudice. The retention of the seized property is reasonable under the current circumstances.

### III.    Conclusion

For the reasons discussed above, Mr. Aquino-Fuentes' request under Rule 41(g) of the Federal Rules of Criminal Procedure should be **DENIED**.

**In the Matter of The Seizure of Personal Property**
**Misc. No. 22-065 (PAD)**
**Report and Recommendation**

**IT IS SO RECOMMENDED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed within fourteen (14) days of its receipt. Failure to file timely and specific objections to the Report and Recommendation is a waiver of the right to review by the District Judge and of the right to appeal. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

In San Juan, Puerto Rico, this 5th day of May 2022.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge